IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAUNCEY BENNETT, #259742   *
      Plaintiff,
   v.      * CIVIL ACTION NO. JKB-15-3030

KATHLEEN S. GREEN (Warden)  *
SCOTT ROWE (Hearing Officer).
STEPHEN T. MOYER (Secretary D.P.S.C.S.) *
      Defendants.
        *****

MEMORANDUM

## I. BACKGROUND

   This 42 U.S.C. § 1983 action was filed on October 6, 2015.  Plaintiff, who is incarcerated

at the Eastern Correctional Institution ("ECI"), seeks punitive and compensatory damages, the

restoration of lost diminution credits, back wages, single-cell status, the expungement of his

infraction, and double cell credits.  He alleges that on December 5, 2014, although he was

threatened by another inmate and defended himself accordingly, he was charged with violating

prison rules.  ECF No. 1.  He contends that the prison failed to provide adequate supervision in

the area, his infraction was not signed, and the incident was not properly investigated.  Plaintiff

claims that the Adjustment Hearing Officer ("AHO") did not recuse himself, overrode his

sentencing penalty without justification, and placed him in a "poor" adjustment category.  He

argues that the adjustment sentencing matrix is unbalanced and discriminatory.  *Id.*

   On April 6. 2016, defendants filed a motion to dismiss or for summary judgment which

has been treated as a motion for summary judgment.[1]  ECF No. 18.  Plaintiff has filed an

---

[1]  Defendants' motion for extension of time to file a response remains pending. See ECF No. 17.  The motion, filed on April 4, 2016, sought an additional two days to file a response.  The motion shall be granted nunc pro tunc.

opposition response.  ECF No. 20.  The undersigned has examined the record and finds that no

hearing is necessary.  *See* Local Rule 105.6. (D. Md. 2014).   For reasons to follow, defendants'

dispositive motion will be granted.

## II.  LEGAL STANDARD

Rule 56(a) of the federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim
> or defense—or the part of each claim or defense—on which
> summary judgment is sought.  The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as to
> any material fact and the movant is entitled to judgment as a matter
> of law.  The court should state on the record the reasons for
> granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to....the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly

supported motion for summary judgment may not rest upon mere allegations or denials of [its]

pleading, but must set forth specific facts showing that there is a genuine issue for trial."

*Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## III. ANALYSIS

According to the documents attached to the declaration of Sergeant Michelle Switalski, on December 5, 2014, ECI Correctional Officer King was assigned to escort and relief and was observing the inmate movement for lunch.  ECF No. 18-2 at Switalski Decl.  King observed plaintiff speaking to inmate Neal Twyman, a food service inmate, in the area between the bread and drinks.  After plaintiff received his lunch, King saw Twyman step out of the serving area and witnessed plaintiff say something to Twyman, but could not understand what plaintiff said.  *Id.* King saw plaintiff hit Twyman several times in the head with closed fists.  King called for assistance and ordered both inmates to stop.  Plaintiff, however, continued to hit Twyman.  King did not see Twyman hit plaintiff, but saw Twyman step back and attempt to block the hits from plaintiff.[2]  Both inmates were handcuffed and escorted to the medical department for evaluation. ECF No. 18-2 at pp. 13-14.

That same day, on December 5, 2014, plaintiff was issued a notice of inmate rule infraction for violating Rules 102, 400, and 402 (assault on an inmate, disobeying an order, and being in an unauthorized location, leaving an assigned location without authorization, or refusing to follow or obey an order).  ECF No. 18-2 at pp. 6, 15-18.   On December 30, 2014, plaintiff was found guilty of violating Rules 102 and 400, but not guilty of violating Rule 402.  He was sanctioned with 180 days of disciplinary segregation and the loss of 120 good conduct time ("GCT") credits.  *Id.*

In his opposition, plaintiff claims that he was not the aggressor and inmate Twyman attacked him.  ECF No. 20.  He takes issue with the investigation conducted into the incident,

---

[2]        Defendants rely on the infraction notice of King, stating that it was made under oath. They do not provide an affidavit or declaration from the officer.

claiming that it was not looked into within "one calendar day."  Plaintiff also claims that he was given an infraction within two hours, in violation of the equal protection clause.  ECF No. 20.

## IV. DISCUSSION

Plaintiff has failed to allege how Warden Green and Secretary Moyer personally participated in violating his rights.  Under § 1983, individual liability must be based on personal conduct.  *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997).  Further, in the absence of subjective knowledge, a prison official is not liable under the civil rights statute.  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

Insofar as plaintiff intends to hold Green and Moyer liable under a theory of *respondeat superior*, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).  Plaintiff furnishes no grounds for supervisory liability.

Further, upon review of the complaint and pleadings, the Court finds no constitutional violations.  Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing

4

*Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections.  These include (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker.  *See Wolff*, 418 U.S. at 564-571.  There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel.  *See Baxter v. Palmigiano*, 425 U.S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004).  As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  *See Baxter*, 425 U.S. at 323 n.5. The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence. *Cf. Wolff, supra,* at 570–71.[3]

---

[3]       In *Edwards v. Balisok,* 520 U.S. 641 (1997), a state prisoner brought a § 1983 claim for damages and declaratory relief, alleging violation of his due process rights due to the procedures used in a prison disciplinary hearing that resulted in the deprivation of his good-time credits. The Supreme Court considered the question of whether such claim was cognizable under § 1983, holding that (1) a claim challenging only the procedures used in a disciplinary hearing is not always cognizable under § 1983; (2) Balisok's claim necessarily implied invalidity of good-time credits where it alleged deceit and bias on part of hearing officer; and (3) Balisok's claim was not cognizable under § 1983.  *Id.* at 648; *see also Cooper v. Mursier*, No. 2:14-cv-4368-TMC-MGB, 2016 WL 751016, *6 (D. S.C. Feb. 1, 2016).  The Supreme Court reasoned that the prisoner's claim about "fraud and deceit" of the hearing officer would "necessarily imply the invalidity of the punishment imposed" and therefore was not cognizable under §

The court finds that the disciplinary process associated with plaintiff's institutional charges met the aforementioned minimum due process procedural requirements.  He received advanced written notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the hearing.   His claim that AHO Rowe was biased is completely conclusional and without any support in the record.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).  Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact.  *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious.  *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990).  As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[4]

Given the materials presented to the court, it is clear that plaintiff was provided all the due process to which he was entitled.  The proceedings before this court are not a retrial of the incidents and the undersigned finds that the decision was based upon "some evidence."  (These constitute "some" facts upon which the AHO was entitled to rely in finding plaintiff guilty of the Rule 102 & 400 violations.)

---

1983. *See e.g., Dilworth v. Corpening,* 613 F. App'x 275 (4th Cir. September 1, 2015) (affirming dismissal of § 1983 claim because it was not cognizable without a showing that the disciplinary conviction supporting the revocation of good time credits had been overturned).

[4]     The role of the district court is not to afford a *de novo* review of the AHO's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials.  Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

**IV. CONCLUSION**

Accordingly, an order shall issue GRANTING defendants' motion for summary judgment (ECF No. 18) and ENTERING judgment in favor of defendants.


Date:  May 16, 2016.                    _____/s/_____
                                        James K. Bredar
                                        United States District Judge